IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC WILLIAMS<br>T/U/O Mayor & City Counsel<br>Of Baltimore City | *<br><br>* |
| Plaintiff | * |
| v. | *    Civil Action No.: WMN-02-2147 |
| H.D. INDUSTRIES, INC. | * |
| Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*

### RESPONSE TO PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER CONCERNING EXPERT RICHARD G. PEARSON

Defendant, H.D. Industries, by its attorneys, Jonathan A. Cusson and Robert H. Bouse, Jr. hereby opposes Plaintiff's Motion to permit the designation of an additional expert and states as follows:

### SUMMARY OF ARGUMENT

While a plaintiff may be permitted to designate an expert to rebut opinions rendered by a defendant expert that were not covered by his original designation, it is inappropriate to introduce new issues into a case under the guide of a rebuttal designation. In fairness, this ability is appropriate given the fact that a defendant may interject new issues into a case and a plaintiff should be permitted to respond. However, the permissible designation of a rebuttal expert is not intended as an opportunity for plaintiffs to raise new expert issues following the defendant's disclosure. Because this is a thinly veiled attempt to add new expert issues into

this case, it should not be permitted. Moreover, the opinions at issue have been covered by the testimony of plaintiff's current expert.

## FACTUAL BACKGROUND

The controversy in this case emanates from an on-the-job accident that occurred in Baltimore City on October 6, 1999. Specifically, the plaintiff was injured when he climbed into the "hopper" of a Pro-Patch hot asphalt patching machine manufactured by H.D. Industries. As a result of his decision to voluntarily encounter a known danger, plaintiff suffered injuries, which he is now attempting to attribute to the manufacturer. Because of the complicated nature of this case, there has been a large amount of discovery, including extensive expert discovery. By his recent motion, plaintiff now seeks to designate an additional expert disguised as a rebuttal expert for the purpose of bringing new issues into this case.

## ARGUMENT

It is patent that F.R.C.P. 26 permits the designation of rebuttal expert witnesses; however, such a witness must actually rebut new issues interjected into the case by a defense expert and may not be made within ninety days of the trial date. *See* F.R.C.P. 26(a)(2)(C); *see also Driggs Corp. v. Pennsylvania Manufacturers Assoc. Ins. Co.*, 3 F.Supp. 2d 657, 660 (D. Md. 1998). Here, plaintiff is attempting to introduce new issues and he purports to offer this new expert to give testimony on an issue covered by Michael Leshner, his previously identified expert.

In his motion, plaintiff cites some discovery issues as a basis for the need to now designate a rebuttal expert; however, the discovery issues have nothing to do with expert testimony. He also attaches two letters drafted by the undersigned in support of his motion. The first letter is dated September 9, 2003 and it evinces the fact that plaintiff was provided our expert, Joe Shepherd's, report on that date. The report also included a C.V., a list of publications, and relevant materials on which Mr. Shepard founded his opinions. Subsequently, in late October 2003, counsel attempted to designate Mr. Pearson as a rebuttal expert and listed his area of expertise as "human factor and safety." *See* second letter from the undersigned dated October 21, 2003, attached to plaintiff's Motion. H.D. Industries has not designated an expert in this field and, moreover, Mr. Shepard's experience, qualifications, and pertinent opinions have been known to plaintiff for six months.

It is also interesting that plaintiff contends that Mr. Shepard's report raised for the first time the issue of the adequacy of the warnings affixed to our pothole patching machine when, in fact, this portion of the opinion went directly to opinions held by Mr. Leshner. *See* expert report of Michael D. Leshner, attached as Exhibit 1 at p. 3. Therefore, there is no need for the addition of Mr. Pearson because the opinion that plaintiff seeks to rebut has been covered by Mr. Leshner. Likewise, Mr. Shepard's opinions about labeling, which plaintiff maintains were added during his deposition on January 30, 2004, were clearly articulated in the originally disclosed opinion. *See* expert report of Joseph D. Shepherd, attached to plaintiff's motion at p. 4-5. Now, another month after the conclusion of that deposition, there is a sudden need for additional expert testimony.

3

Mr. Pearson is not being designated to rebut some newly introduced argument. The labeling issue has been in dispute since the outset of this lawsuit and H.D. Industries has not received a report or a summary of Mr. Pearson's opinions that would enable this defendant to evaluate whether he would interject new issues into the case. Trial is set to begin in a little more than two months and discovery has been completed after the scheduling order has been modified several times.

## **CONCLUSION**

A rebuttal expert is only appropriate when a Defendant's case in chief raises new issues that require special testimony. In this case, the opinion at issue was addressed in Plaintiff's original expert report and, therefore, Mr. Pearson's testimony is not needed.

WHEREFORE, Defendant, H.D. Industries respectfully requests that the Court deny plaintiff's motion to modify the scheduling order and prevent the addition of a new expert who will not serve in a rebuttal capacity.

Respectfully submitted,

_____
Jonathan A. Cusson
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 752-1630

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of March, 2004, a copy of the foregoing was mailed, postage prepaid, to:

Mark Herman, Esquire
William G. Kolodner, P.A.
14 W. Madison Street
Baltimore, Maryland  21201
410-837-2144
Attorneys for Plaintiff

Thurman W. Zollicoffer, Jr., Esquire
City Solicitor
Mayor & City Council
of Baltimore City
101 City Hall
Baltimore, Maryland  21202

_____
Jonathan A. Cusson