IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC WILLIAMS | * | |
| T/U/O Mayor & City Council | | |
| of Baltimore City | * | |
| | | |
| Plaintiff | * | CIVIL ACTION #WMN-02-2147 |
| | | |
| -vs- | * | |
| | | |
| H. D. INDUSTRIES, INC. | * | |
| | | |
| Defendant | * | |

* * * * * * * * * * * * *

## PLAINTIFF'S RESPONSE TO DEFENDANT"S OPPOSITION TO MOTION TO ALLOW DR. PEARSON TO TESTIFY

Eric Williams, Plaintiff, by his attorney, Mark E. Herman, hereby submits the following additional support for its motion and replies to Defendant's opposition and says:

1. In re *Burch*, 33 D.R. 1015, 38 Fed. Rules & Service 2nd 363 (1983), a party failed to provide Rule 26 disclosures with regard to rebuttal expert witnesses and consequently the expert was precluded from testifying. The precluded party argued that an expert retained for use at trial only and who would be called to testify only after the defense's expert testified was an expert witness who was only required to disclose facts and opinions based upon a showing of exceptional circumstances. The Court held that such interpretation was too close a line to call to provide a shield against full disclosure. "Another Court in this District has stated that the difference between "expects to call" and "may call" is not one of significant degree. *Nighton Can v. Villian & Fassio E. Compagnia*, 39 F.R.E. 11, 13 (D. MD) (1965)." The Court stated "A prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent. Effective cross-examination of an expert witness requires advanced preparation. Similarly, effective rebuttal requires advanced knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against

discovery, then narrowing of issues and diminution of surprise which discovery normally produces are frustrated". *Id. at 1018.*

Plaintiff has done everything to avoid any possible claimed prejudice herein. The Plaintiff had timely designated Dr. Pearson as a rebuttal expert. Plaintiff has provided the CVs case involvement and fee schedule. Plaintiff is in the process of securing the expert opinion's report and has only been prevented to provide it earlier because Plaintiff had received the transcript of Defendant's President, the Defendant's expert and Defendant's employee trainee Tuesday, February 24, 2004. Plaintiff has overnighted the transcripts to Dr. Pearson. Plaintiff has repeatedly offered Dr. Pearson for deposition, to include a telephone conversation with defense counsel on Wednesday, March 10, 2004, but Defendant has refused to proceed in anticipation and in hope of an advantageous judicial ruling herein, otherwise known as "posturing".

2. There are no new issues with Dr. Pearson's testimony. Defendant fails to identify with any specificity as to what these new issues are. Dr. Pearson is a classic rebuttal expert witness. Plaintiff designated Michael Leshner as an engineer who viewed the matter and rendered an opinion that Defendant's product was defective. His opinions are essential for the purposes of establishing that the Defendant's product was defective and why. See *Samuel v. Ford Motor Company,* 112 Fed. Sup. 2d 460.

In response to Mr. Leshner's opinions, Defendant designated Mr. Shepard as a rebuttal expert. They have acknowledged that his testimony "is not offered to prove a fact for which the Defendant bears the ultimate proof, but instead to rebut evidence introduced by Plaintiff on an issue which he or she does bear the burden of proof." *Id. , 112 F. Supp. 2nd* at 459. In turn, once Mr. Shepard's opinions were known, Plaintiff designated a person designed to respond to the contentions made by Mr. Shepard. This is classic rebuttal testimony as defined in the above-referenced matter. Mr. Shepard testified that the warning labels met all applicable standards including ANSI Standards, for being clear and concise. Mr. Shepard has a long history of relying on OSHA regarding employers providing safe work environments. Dr. Pearson will indicate that OSHA is not the source to evaluate the appropriateness of the warning labels. He rebuts the contention that the labeling is clear and concise.

3. Another indicia that plaintiff is not simply attempting to remake their case by adding Dr. Pearson is the fact that the source of information upon which the expert will base his testimony are the recent depositions.  See plaintiff's attached letter to Dr. Pearson dated February 25, 20044 in which plaintiff's counsel sent to him the depositions of defendant's president, Defendant's trainer and defendant's expert.

4.   Merely because Mr. Leshner could render opinions on the same manner, as if he were called back to the stand to testify at trial, does not make the subject matter each expert faces any less rebuttal.  "Rebuttal is to be reserved for evidence refuting matters that were brought up for the first time in the case in defense.  Proper rebuttal evidence explains, replies to, contradicts or impeaches new evidence presented by the opposing party in his or her case.  McClain, Maryland Evidence, State and Federal, 2nd ed., Section 300.2, p. 264.

5. Defendant is very concerned that Dr. Pearson will be very effective and discredit Defendant's litigative position that their produce was safe and the training manual was adequate and warning safe.  This predisposition must be kept in mind when evaluating their current position concerning Dr.. Pearson.

6. Defendant cannot be heard to complain about limited time within which to do Dr. Pearson's deposition if he is allowed to testify because Plaintiff has repeated asked defendant to proceed with scheduling his deposition, but Defendant has refused to act.  Further, the delay in Pearson's report is only and solely occasioned by defendant's delay in producing the witnesses for deposition, a responsibility that they have acknowledge or at least cannot deny.

7. Plaintiff has demonstrated good cause for allowing Dr. Pearson to testify.

                                                           _____
Mark E. Herman, Fed. Bar #01056
WILLIAM G. KOLODNER, P.A.
14 W. Madison Street
Baltimore, MD 21201
(410) 837-2144
Attorneys for Plaintiff

F:\USERS\Elaine\Williams, Eric.2\AdtnlMemor.wpd

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of March, 2004, a copy of the Additional Memoranda In Support of Motion to Allow Dr. Pearson to Testify was electronically filed in this case on March 11, 2004, was mailed via first class mail, postage prepaid, to Robert H. Bouse, Jr., Esq., Jonathan A. Cusson, Esq., Anderson, Coe & King, LLP, 201 N. Charles Street, Suite 2000, Baltimore, Maryland 21201, attorney for H. D. Industries, Inc., and Thurman W. Zollicoffer, Jr., Esq., City Solicitor, Mayor & City Council of Baltimore City, 101 City Hall, Baltimore, Maryland 21202.

                                                                              _____
MARK E. HERMAN, Fed. Bar #01056
14 W. Madison Street
Baltimore, Maryland 21201
(410) 837-2144
(410) 246-1884 (Fax)



**WILLIAM G. KOLODNER, P.A.**\*
Attorney at Law

14 W. Madison Street
Baltimore, Maryland 21201-5291
  Office (410) 837-2144
  Residence (410) 484-4010

FAX (410) 246-1882
  (410) 246-1884

www.wgk-law.com

Robert Jay Kessler, P C.,
  Of Counsel
  Office (410) 385-1388
  kesslerlaw@erols.com

ASSOCIATES:
  Steven A. Wilder
  Mark E. Herman*
  Jill A. Kolodner*

LEGAL ASSISTANTS:
  Auto-Personal Injury -
  Justine Maynard
  WCC Department -
  Sue A. Leisher
  Bankruptcy -
  Sheila A. White
  Tracey Davis
  Leslie B Guarino

*ALSO LICENSED IN D.C.

Tax I.D. 52-1104562

February 25, 2004

Richard G. Pearson, Ph.D., F.Erg. S., CPE
5441 Blue Sage Drive
Raleigh, NC 27606-9027

  **RE:   Eric Williams**

Dear Dr. Pearson:

   I am enclosing herewith copies of the depositions of Harold Dillingham, Joe D. Shepherd, and James Foster for your review.

                                         Sincerely,

                                         MARK E. HERMAN

MEH/ed