IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ERIC WILLIAMS                       :
 t/u/o MAYOR & CITY COUNCIL         :
 OF BALTIMORE CITY                  :
v.                                  :   Civil Action No. WMN-02-2147
                                    :
H.D. INDUSTRIES, INC.               :
                                    :
```

## MEMORANDUM AND ORDER

Pending before the Court are two motions: Plaintiff's Motion to Amend the Complaint, Paper No. 21; and Plaintiff's Motion to Modify the Scheduling Order, Paper No. 23.  The motion to amend the complaint is unopposed and will be granted for good cause shown.  Plaintiff represents that the Amended Complaint simply conforms the allegations to the evidence.

The motion to modify the scheduling order, however, will be denied.  The object of this motion is to allow Plaintiff to name Dr. Richard Pearson as a "rebuttal expert."  Plaintiff acknowledges that, were the Court to grant this relief, discovery would need to be re-opened so that Defendant could depose this new expert, and even allows that Defendant could then counter-designate an additional expert who would also need to be deposed. Defendant opposes this motion on the ground that Pearson's proffered testimony is not proper rebuttal testimony, but would be offered simply to bolster the testimony of Plaintiff's original expert.  The Court agrees.

This is a product liability action involving a hot

asphalt patching machine manufactured by Defendant.  Plaintiff entered the hopper of the machine in an attempt to dislodge some clumped asphalt and was injured when a co-worker turned on the machine, not knowing that Plaintiff was in the hopper. One of the central issues in this action, since its inception, is whether the warnings and warning labeling provided by Defendant were adequate.  Plaintiff's original expert, Michael Leshner, offered a report in which he opined that the subject machine was defective "because it lacks adequate warnings," and "is non-compliant with industry standards for warnings." Leshner Inspection Report at 4, Def.'s Exh. 1.  Leshner cites the ANSI Warning Standard, ANSI Z535.4-1991, as "an example of industry standards requiring labeling of equipment that may present hazards to people" and further opines that the warning label on the machine which instructed the user to "STOP MACHINE AND CUT POWER SUPPLY BEFORE CLEANING, OILING OR REPAIRING" was inadequate.  Id. at 3.

Defendant's expert, Joe Shepherd, has submitted a report in which he opines that "the safety signs displayed on the subject [machine] were designed and placed in accordance" with applicable industry standards, including ANSI Z535.4-1991. Shepherd Safety Evaluation at 5, Pl.'s Exh. E.  When Shepherd was deposed, he apparently elaborated on that report and testified that the warning label quoted above was unambiguous

2

and that the end user of the product would have understood "CLEANING, OILING OR REPAIRING" to encompass the activity in which Plaintiff was engaged when injured.  Plaintiff now argues that Dr. Pearson's testimony is necessary to respond to "why the warning is defective and why Joe Shepherd is incorrect in his analysis."  Mot. to Modify at unnumbered page 3.

As Plaintiff observes, "'[r]ebuttal is to be reserved for evidence refuting matters that were brought up for the first time in the case in defense.'"  Pl.'s Reply at unnumbered page 3 (quoting McClain, Maryland Evidence, State and Federal (2nd ed.) § 300.2).  Certainly, the issue of the adequacy of Defendant's warnings is not something interjected into the action for the first time by Defendant.  Plaintiff has not pointed to anything new or unanticipated in Defendant's expert's testimony that would warrant rebuttal.

Accordingly, IT IS this 15th day of March, 2004, by the United States District Court for the District of Maryland, ORDERED:

1.   That Plaintiff's Motion to Amend the Complaint, Paper No. 21, is GRANTED, and the Amended Complaint is deemed filed as of the date of this Order;

2.   That Plaintiff's Motion Modify the Scheduling Order, Paper No. 23, is DENIED; and

     3.    That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.

                                    /s/

                          William M. Nickerson
                          Senior United States District Judge